# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR01-337-JCC |
| Plaintiff, | ) | |
| v. | ) | SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE |
| DARYL JOHN CHRISTIAN, | ) | |
| Defendant. | ) | |

A hearing on supervised release revocation in this case was scheduled before me on January 3, 2006. The United States was represented by AUSA Bruce F. Miyaki and the defendant by Jay W. Stansell. The proceedings were digitally recorded.

Defendant had been sentenced on or about May 31, 2002 by the Honorable John C. Coughenour on charges of Possession of Document Making Implement; Identification Fraud; Felon in Possession of a Firearm and sentenced to 46 Months Custody, 3 years Supervised Release.

The conditions of supervised release included requirements that defendant comply with all local, state, and federal laws and with the standard conditions of supervision. Other special

conditions included no firearms, mandatory drug testing, narcotic addiction/drug dependency treatment and testing, submit to search, refrain from alcohol and other intoxicants, provide access to financial information, maintain a single checking account for all financial transactions, surrender financial information for any interest in a business enterprise, disclose all assets and liabilities, allow inspection of personal computer, provide information regarding any software owned or purchased, no new credit without permission, no employment without authorization by probation officer and do not work for cash, do not possess identification documents in any but true identity, and restitution in an amount to be determined. (Dkt. 47).

Defendant commenced supervision on January 21. 2005.  On February 12, 2005, his probation officer reported that he tested positive for marijuana.  He was reprimanded and placed in a structured testing program, with no further action at the time. (Dkt. 82).  On July 8, 2005 defendant's probation officer reported that he tested positive for heroin.  He was reprimanded and referred for counseling.  No other action was taken at the time. (Dkt. 85).

On November 29, 2005, the defendant did not contest a finding that he violated the conditions of supervised release by using heroin, using morphine, using codeine, using marijuana and falsifying a urinalysis test. (Dkt. 101).  A disposition hearing is set before the Honorable John C. Coughenour on January 6, 2006.  The government dismissed two additional alleged violations dated November 22, 2005. (Dkt. 100).

In an application dated December 8, 2005, U.S. Probation Officer Brian H. Rogers alleged the following violation of the conditions of supervised release:

7. Possessing identification in names other than his own without approval of the probation officer in violation of special condition number 14.

8. Incurring new credit charges and opening additional lines of credit without approval of the probation officer, in violation of special condition number 12.

9. Failing to obtain permission to work at Universal Language Service in violation of special condition number 9.

10. Failing to maintain a single checking account in his name, in violation of special condition number 10.

11. Possessing drug paraphernalia in violation of standard condition number 7. (Dkt. 106).

Defendant was advised in full as to those charges and as to his constitutional rights.

Defendant did not deny any of the alleged violations and waived any evidentiary hearing as to whether they occurred. Defendant stipulated to the submission of the matter on the December 8, 2005 supplemental violation report of Brian H. Rogers. Defendant's motion to exclude evidence seized in the search of his residence was denied based on the holding of *United States v Herbert*, 201 F.3d 1103 (9th Cir. 1999).

The report establishes by a preponderance of the evidence that the violations were committed. I therefore recommend the Court find defendant violated his supervised release as alleged in violations number 7 through 11 and that the Court conduct a hearing limited to the issue of disposition. A report was previously submitted on violations 1-4. (Dkt. 101). The next hearing will be set before Judge Coughenour on January 6, 2006.

/ / /

/ / /

/ / /

Pending a final determination by the Court, defendant has been detained.

DATED this 4th day of January, 2006.

*Mary Alice Theiler*
Mary Alice Theiler
United States Magistrate Judge

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS TO
ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -4